# FALL SESSIONS.

## 1898.

———————•———————

COLLINS AND RIGGS, d. b. a., *vs.* FRANK D. WATSON, p. b. r.

*Declaration—Amendment—New Parties.*

An amendment to a declaration by striking out tbe name of one member of a firm described as consisting of three members, would be in effect making new parties, by substituting for a firm consisting of three persons, another firm consisting of two persons, and will not be allowed.

(*October 6, 1898.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J. sitting.

*R. C. White* for defendant below, appellant.

*John M. Richardson* for plaintiff below, respondent.

Superior Court, Sussex County, October Term, 1898.

Appeal from a judgment of a Justice of the Peace, (No. 33, April Term, 1898).

Counsel for the plaintiff stated that the parties plaintiff as laid in his declaration were Benjamin F. Collins, Hester Collins and Peter Riggs, trading as Collins and Riggs ; that it was afterwards discovered that Hester Collins was not a proper party. He therefore asked leave to amend his declaration by striking out the name of Hester Collins as party plaintiff, contending that the Court is justified in allowing amendments, either as to form or substance, provided the interest of the defendant is not affected. *Rev. Code, Section 11 and 12, p 849.* That not the striking out of a name, but only the addition of a name makes new parties.

Counsel for defendant opposed the application, which he contended was to change the parties. The extent to which the

Courts had gone was to strike out "the use," or the word "agent," etc., but they have never allowed an amendment changing the party plaintiff or the party defendant. *Hughes vs. Diamond Match Company, 1 Pennewill's Delaware Reports, 140.*

LORE, C. J :—The court have no doubt about this matter. The application here is that the plaintiff be allowed to make new parties, by substituting for a firm consisting of three people another firm consisting of two people. At the November Term 1897, in New Castle County, in the case of *Hughes vs. Diamond Match Company, 1 Pennewill's Delaware Reports, 140*, this Court held, that "Where a party is sued as a corporation of the State of Connecticut, the Court will refuse to allow the writ and declaration to be amended by the plaintiff so as to make the defendant a corporation of the State of Illinois, on the ground that it would be substituting and making an entirely new and distinct party." That broadly covers this question. The application is therefore refused.

By agreement, judgment was entered for defendant below for costs.